IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>       Plaintiff,<br><br>  v.<br><br>OFFICER BARBER, et al.,<br><br>       Defendants.                         / | No. 11-03120 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IFP AND DISMISSING COMPLAINT |

    Plaintiff Jerome L. Grimes applies for leave to proceed <u>in forma pauperis</u> (IFP).  The matter was decided on the papers.  Having considered all of the papers filed by Plaintiff, the Court GRANTS the application to proceed IFP and dismisses the complaint.

DISCUSSION

    A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  <u>See</u> 28 U.S.C. § 1915(a).  Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action.  Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

    The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines

that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

This case arises from events that were the subject of one of Plaintiff's previous cases, Grimes v. Barber, et al., C 09-0411 CW. In C 09-0411 CW, Plaintiff alleged that he was injured in connection with a jay-walking incident on the San Francisco State University campus by the same Defendants that are named in the instant complaint.  On September 16, 2009, a settlement conference was held in C 09-0411 CW before Magistrate Judge Elizabeth Laporte and the parties agreed to a settlement.  (C 09-0411 CW, Docket No. 48).  On September 17, 2009, the Court issued a conditional order of dismissal which indicated that if, within ninety days, any party certified to the Court that the agreed amount of consideration had not been delivered, the order would be vacated and the case would be set for trial.  (C 09-0411 CW, Docket No. 49).  On September 21, 2009, Plaintiff filed a motion for relief from settlement, which was heard by Magistrate Judge Laporte.  On December 23, 2009, the Court adopted Magistrate Judge Laporte's report and recommendation and denied Plaintiff's motion for relief from settlement.  (C 09-0411 CW, Docket Nos. 58, 60).  On January 4, 2010, Plaintiff filed a declaration stating that he had not received from Defendants,

2

within ninety days from the date of the Conditional Order of Dismissal, the agreed consideration for the settlement of his case. (C 09-0411 CW, Docket # 62). On February 11, 2010, the Court issued an Order explaining that it had ruled on the issue of the settlement, that it would not revisit it and that any further papers submitted by Plaintiff attempting to vacate his settlement would be returned to him by the clerk. (C 09-0411 CW, Docket No. 66).

On March 12, 2010, Plaintiff filed case number C 10-01086 CW alleging that, in C 09-0411 CW, the Court improperly denied his motion to set aside the settlement because Defendants failed to pay him or to expunge his record of false charges within ninety days of the Conditional Dismissal Order. On August 6, 2010, the Court dismissed the complaint as an attempt to re-litigate the issues adjudicated in C 09-0411 CW. Plaintiff appealed to the Ninth Circuit, which affirmed this Court's judgment on November 4, 2010.

In this lawsuit, Plaintiff is again attempting to re-litigate the issues that he asserted and settled in C 09-0411 CW. As stated in the 2009 and the 2010 Orders, Plaintiff may not keep litigating these same issues. Therefore, his complaint is dismissed.

IT IS SO ORDERED.

Dated: 11/29/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GRIMES et al,

        Plaintiff,

v.

BARBER et al,

        Defendant.

Case Number: CV11-03120 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerome L. Grimes
263 Vernon Street
San Francisco, CA 94132

Dated: November 29, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4